### ANONYMOUS.

A bill filed to fereclose a mortgage since the "Act to reduce the expense
of foreclosing mortgages in the court of Chancery," passed May 14,
1840, and no answer, plea, or demurrer put in, and the suit settled
by payment of the mortgage money due, before the order to take the
bill as confessed is entered, carries costs to be taxed, under the latter
act, and not under the former fee bill.

A SUIT had been commenced for the foreclosure
of a mortgage in the ordinary form.   The defendant
had given notice of appearance, but had put in no
answer.   Before the time for answering had expired,
the defendant came in to pay the amount due, with
costs of the foreclosure.   Inasmuch as the complai-
nant's bill had not been taken as confessed when the
defendant made payment, the complainant's solicitor
insisted that he could rightfully charge costs as un-
der the old fee bill.   The defendant's solicitor insis-
ted that the costs should be taxed under the "Act
to reduce the expense of foreclosing mortgages in
the court of Chancery," passed May 14, 1840.

THE VICE CHANCELLOR.   The second section
of the act of May 14, 1840, declares that "when a
bill for the foreclosure of a mortgage shall be taken
as confessed, or when the answer put in shall not
deny any material matter set forth in the bill, or the

right of the complainant to a decree of foreclosure and sale of the mortgaged premises, and payment of the debt," the officers of the court shall receive for their services the fees thereafter allowed in the act, instead of the fees heretofore allowed. Other sections of the bill provide for specific fees for particular services. The new rate of fees are to be charged under the provisions of the second section, when the bill has been *taken as confessed,* and when the answer does not deny the merits of the bill. The complainant contends that inasmuch as the bill has not been *taken as confessed* in this case, (the proceedings not having so far matured as to warrant an order of that kind,) that he can charge costs under the old fee bill. This section is, perhaps, not the most happily drawn; but it is quite clear from the act, that the legislature intended to reduce the expenses of foreclosing mortgages, when there was no substantial litigation. It may be taken as evidence, too, that they intended this new rule of fees should apply to such cases, even though they were settled in any of their various stages of maturity, from the fact, that specific charges are allowed for particular services performed in the various stages of the cause. Thus, there are specific allowances for retaining fee, drawing bill, copies, drawing subpœnas, service, &c. The legislature could hardly have contemplated that in such suits the defendant, if he paid up his mortgage before the order *pro confesso* was entered, he should pay more costs than he would be compelled to pay, if it went to a decree. I think the fair interpretation of the spirit of the act is, to allow the complainant such costs, and such costs only, as by the act are chargeable for the services actually rendered

at the time of payment of the mortgage; and that this should apply to cases where the payment was made and suit settled before the order to take the bill as confessed is entered, as well as after. Any other construction would look very much like a technical evasion of the legislative intention and the spirit of their enactment. Besides, the defendant coming in and paying the amount of the mortgage debt demanded, is a confession, in the strongest and most emphatic manner, that the debt demanded is due according to the demand; and may, perhaps, be considered as equitably allowing the bill to be taken as confessed, and thus bringing it within the words of the statute. At any rate, under this statute, I hold myself bound to restrict the taxation of the complainant's costs to the fees allowed by the act of 1840, and cannot tax them under the old fee bill.